**David CHAVEZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 11–73977.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 2015.*

Filed Jan. 21, 2016.

Mario Acosta, Jr., Esquire, Law Office of Mario Acosta, Jr., Los Angeles, CA, for Petitioner.

Joseph D. Hardy, Jr., Esquire, Trial, OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Jesse David Lorenz, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

## ORDER

We amend the memorandum disposition filed on August 6, 2015. We file an amended memorandum disposition in light of the en banc decision in *Almanza-Arenas v. Lynch*, No. 09–71415. The mandate shall issue in the ordinary course.

**IT IS SO ORDERED.**

## AMENDED MEMORANDUM [**]

David Chavez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from an Immigration Judge's (IJ) order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D), and we grant the petition.

The BIA erred as a matter of law when it applied the modified categorical approach to conclude that Chavez's conviction for petty theft with priors in violation of California Penal Code §§ 484(a) and 666 constituted an aggravated felony theft offense. *See* 8 U.S.C. §§ 1101(a)(43)(G); 1227(a)(2)(A)(iii). California law does not require the jury to unanimously agree as to which of the disjunctively worded forms of theft set forth in § 484(a) is the basis for the defendant's conviction. *See People v. Fenderson*, 188 Cal.App.4th 625, 116 Cal.Rptr.3d 17, 27 (2010); *People v. McLemore*, 27 Cal.App.4th 601, 32 Cal.Rptr.2d 687, 689 (1994). As a result, the statute is not divisible and the modified categorical approach is inapplicable. *See Descamps v.*

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States*, —— U.S. ——, 133 S.Ct. 2276, 2282, 2285, 186 L.Ed.2d 438 (2013); *Almanza-Arenas v. Lynch*, 809 F.3d 515, 525 (9th Cir.2015) (en banc); *Rendon v. Holder*, 764 F.3d 1077, 1081, 1086 (9th Cir.2014).

Because the modified categorical approach does not apply and "a petty theft conviction, under Cal.Penal Code §§ 484(a) and 666, is not a categorical match to the federal definition of a theft offense," *United States v. Rivera*, 658 F.3d 1073, 1077 (9th Cir.2011), the BIA erred when it concluded that Chavez was removable as charged under 8 U.S.C. §§ 1101(a)(43)(G) and 1227(a)(2)(A)(iii).

**Petition Granted.**